## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| _____ | ) | |
| **DAYLE DAY** | ) | **CIVIL ACTION NO.** |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CAPITAL ONE, N.A.** | ) | |
| **Defendant** | ) | |
| _____ | ) | **MARCH 27, 2017** |

### COMPLAINT

### I.    INTRODUCTION

1.    This is a suit brought by a consumer under the Fair Credit Reporting Act
("FCRA"), 15 U.S.C. § 1681 *et seq.* against Capital One, N.A. ("Capital One") for
improperly reporting negative credit information on the Plaintiff's personal credit history.
Plaintiff brings this action to recover statutory damages, actual damages, punitive
damages, and reasonable attorney's fees and costs.

### II.    PARTIES

2.    Plaintiff Dayle Day ("Day") is a natural person residing in Stamford,
Connecticut and is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §
1681a(c).

3.    Defendant Capital One is a national bank with headquarters in McClean,
Virginia and is a furnisher of information to consumer credit reporting agencies as
defined by the FCRA, 15 U.S.C. § 1681s.

### III.   JURISDICTION AND VENUE

4.      Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5.      This court has jurisdiction over Capital One because it regularly does business in this state.

6.      Venue is proper because Plaintiff is a Connecticut resident and the harm alleged occurred in this state.

### IV.   FACTUAL ALLEGATIONS

7.      Plaintiff Day incorporated a Connecticut stock corporation called "Alandayle Inc." on August 3, 2007.

8.      In her capacity as president of Alandayle Inc. she obtained a business credit card (the "Account") from Defendant Capital One in or around April 2008.

9.      Plaintiff Day did not personally guaranty this credit card, and she assumed no liability for the Account.

10.     The Account was opened on May 1, 2008.

11.     Alandayle Inc. used the Account as a revolving line of credit for its business operations.

12.     Plaintiff Day did not use the Account for personal purchases.

13.     In 2010, Alandayle Inc. encountered financial difficulties and went out of business.

14.     On August 30, 2010, Plaintiff Day dissolved Alandayle Inc.

15.     At the time of its dissolution, Alandayle Inc. owed approximately $20,000 on the Account.

16.     Despite not consenting to personally guaranty the debt, Capital One began attempting to collect on the Account from Day personally.

17.     Capital One made phone calls and sent letters to Plaintiff Day throughout Fall of 2010 and Winter 2010-2011 attempting to collect on the debt.

18.     On January 7, 2011, Plaintiff Day sent a letter to Capital One stating that the Account belonged to Alandayle, Inc. and that she was not personally responsible.

19.     Although Capital One claimed that Day had personally guaranteed the Account, it failed to furnish any documentation showing such a guaranty, and none exists.

20.     Capital One has reported to Experian, a consumer reporting agency, that Day is liable for the Account, that the Account is a "Charge-off" with a past due balance of $24,614.00.

21.     In May 2016, Plaintiff Day disputed the reporting of the Account with Experian and requested that they reinvestigate the reporting.

22.     Experian forwarded the dispute to Capital One, who verified the information reported and did not include an acknowledgement that Plaintiff Day disputed any liability for the Account.

23.     Capital One has continued to report the Account to Experian as past-due obligations owed by Day and that the account is Charged Off.

24.     In March 2017, Plaintiff Day applied for credit with TD Bank and was turned down in whole or in part due to the Charged Off Capital One Account on her Experian credit history.

## V.      COUNT ONE – FAIR CREDIT REPORTING ACT (CAPITAL ONE)

1-24.      Paragraphs 1-24 are incorporated by reference as if more fully set forth herein.

25.      Capital One is a person as that term is defined by the FCRA, § 1681a(b), and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

26.      Pursuant to FCRA § 1681s-2(b), Capital One bears a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with the consumer reporting agencies and the letters that the Plaintiff sent to them.  Capital One knew or should have known, when it received notice of Plaintiff's disputes, that Plaintiff disputed the Account and because Capital One does not possess any personal guaranty executed by Plaintiff for the Account.

27.      Capital One violated FCRA § 1681s-2(b) by failing to properly investigate Plaintiff's dispute when requested to do so. Capital One's failure to correct the disputed information and its continued report to Experian stating Plaintiff's debts were past-due obligations and the Account is Charged Off constitute willful and/or negligent violations of FCRA § 1681s-2(b).

28.      TD Bank denied credit to the Plaintiff in whole or in part due to negative credit information on her credit report furnished by Capital One to Experian.

29.      For its willful violations of the FCRA, Capital One is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

30.     For its negligent violations of the FCRA, Capital One is liable to Plaintiff for actual damages, attorney's fees, and costs pursuant to FCRA § 1681o.

Wherefore, Plaintiff claims damages, including punitive damages of more than $75,000, statutory damages, an order that Capital One shall transmit the appropriate information to Experian and Equifax requesting the removal of the negative data on Plaintiff Day's credit report, and attorney's fees and costs.

PLAINTIFF, DAYLE DAY

By: /s/ *Daniel S. Blinn*
Daniel S. Blinn (ct02188)
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457
dblinn@consumerlawgroup.com